## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**RUBY VALLE,**

      **Plaintiff,**

**v.**                                         **Case No.: 0:16-CV-62751**

**FIRST NATIONAL COLLECTION
BUREAU, INC.,**

      **Defendant.**

_____/

## DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

COMES NOW, Defendant FIRST NATIONAL COLLECTION BUREAU, INC. ("FNCB" and/or "Defendant"), by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(c), and hereby files this Motion for Judgment on the Pleadings, and states the following in support thereof:

### I.      Factual Background / Procedural History.

Plaintiff brings this action alleging Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq*, by sending a letter attempting to collect an allegedly time-barred debt (the "Collection Letter"). *See,* DE 1, generally.  More specifically, Plaintiff alleges the Collection Letter violates various provisions of the FDCPA and FCCPA as:

- The Collection Letter failed to advise Plaintiff the debt was outside the applicable statute of limitations period. *Ibid.* at ¶ 41(c).

- The Collection Letter failed to advise Plaintiff that if she made a partial payment on the time-barred debt, it would "revive" the statute of limitations on the total amount of the debt, under Florida law. *Ibid.*

- The Collection Letter falsely represented the creditor *would* not sue on the debt instead of indicating the creditor *could* not sue on the debt due to the expiration of the statute of limitations. *Ibid.* at ¶ 41(d)(1).

- The "debt [was] time-barred, and thus, Plaintiff does not *owe* anything", yet the Collection Letter falsely claimed the creditor was offering a "discount" on the non-existent debt. *Ibid.* at ¶ 41(d)(2).

- FNCB failed to send a notice of assignment pursuant to Florida Statutes, § 559.715, prior to seeking collection of the debt. *Ibid.* at ¶ 41(e) and ¶ 44(a).

- The envelope contains a bar code. Plaintiff does not, however, claim the bar code discloses any private information, only that a bar code was made visible. *Ibid.* at ¶ 41(b) and ¶ 44(c).

- FNCB failed to adequately inform Plaintiff of her rights, and how to exercise such rights, as required under § 1692g(a). Ibid. at ¶ 41(a), ¶ 41(f), and ¶ 44(b).

The Letter states, in pertinent part:

RUBY VALLE
923 NE 23RD CT
# N
POMPANO BEACH FL  33064-5519

53148 : 34784

*Please remit all correspondence
to the above address

Current Creditor: LVNV Funding LLC
Original Creditor: American Express Centurion Bank/
Account #: RSA-358041897
Ref #: 112262133
Original Account #: ***********1009
Total Due: $3,203.48

This is to advise you that your delinquent account has been assigned to our office for collection by our client LVNV Funding LLC

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency.
In many circumstances, you can renew the debt and start the time period for the filing of a lawsuit against you if you take specific actions such as making certain payment on the debt or making a written promise to pay. You should determine the effect of any actions you take with respect to this debt.

We could set up your account on a monthly payment plan.

We would like to extend the following discounted offer:

An approximately 80% discount payable in 6 payments totaling $640.70. Each payment within 30 days of the previous payment.

We are not obligated to renew this offer.

If you wish to speak with a representative please call (800) 824 6191.

For your convenience you may pay via a check over the phone or credit card.

*See*, DE 1-3.

Through the instant Motion, Defendant seeks dismissal of Plaintiff's Complaint as Plaintiff has failed to state a claim upon which relief may be granted.

## II.   Legal Standard.

Upon motion for judgment on the pleadings, pursuant to Fed.R.Civ.P. 12(c), the court must follow the same standards applicable to a motion under Rule 12(b)(6). *Sheppard v. Beerman,* 18 F.3d 147, 150 (2d Cir.), *cert. denied,* 513 U.S. 816, 115 S.Ct. 73, 130 L.Ed.2d 28 (1994). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (U.S. 2009).

## III.   Arguments.

### a) Plaintiff has failed to state a cause of action under § 1692e(2)(A) as FNCB had no obligation to provide legal advice to Plaintiff and partial payment alone would *not* "revive" the statute of limitations.

Plaintiff alleges the Collection Letter violated § 1692e(2)(A) as it "failed to sufficiently inform Plaintiff that the Consumer Debt was absolutely time-barred (i.e., not legally enforceable), and more critically, failed to adequately disclose the impact making a payment would have, to wit, that making a payment would revive the Consumer Debt, thus making it legally enforceable." *See,* DE 1 at ¶ 41(c).

With respect to the first claim, in *Ehrich v Convergent Outsourcing, Inc.,* 2015 WL 6470453 (S.D. Fla. October 28, 2015), Chief United States District Judge K. Michael Moore rejected the same legal theory offered by the Plaintiff. In *Ehrich*, Judge Moore dismissed the plaintiff's complaint stating: "the FDCPA does not require a debt collector to advise a consumer

of a debt's time-barred status." *Id.* at *2. The same rationale applies to the instant FDCPA claims of the Plaintiff. That is, Defendant was not obligated to offer legal advice to Plaintiff regarding potential defenses to a legal action.

"Congress passed the FDCPA to protect consumers from debt collectors' abusive debt collection practices." *Fuller v. Becker & Poliakoff, P.A.,* 192 F.Supp.2d 1361, 1366 (M.D.Fla.2002) (*citing Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367 (11th Cir.1998)). The FDCPA was not, however, enacted to require debt collectors to advise consumers of potential defenses to legal actions. *See, e.g., Dimatteo v. Sweeney, Gallo, Reich & Bolz, L.L.P.*, 14-3746, 2015 WL 4281508, at *2 (2d Cir. July 16, 2015) (recognizing that the FDCPA does not require communications from debt collectors to identify defenses that consumers might present)

"[T]he majority of courts have held that when the expiration of the statute of limitations does not invalidate a debt, but merely renders it unenforceable, the FDCPA permits a debt collector to seek voluntary repayment of the time-barred debt so long as the debt collector does not initiate or threaten legal action in connection with its debt collection efforts." *Huertas v. Galaxy Asset Mgt.*, 641 F.3d 28, 32-33 (3d Cir. 2011); *see also, Freyermuth v. Credit Bureau Servs., Inc.,* 248 F.3d 767, 771 (8th Cir.2001) ("[I]n the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid."); *Castro v. Collecto, Inc.*, 634 F.3d 779, 783 (5th Cir. 2011)(threat to sue on time-barred debt violates the FDCPA); *Wallace v. Capital One Bank*, 168 F. Supp. 2d 526, 529 (D. Md. 2001)("[N]o violation of the FDCPA occurs solely because a debt validation notice silent on the time-bar issue is sent to the debtor."); *Schaefer v. ARM Receivable Mgt., Inc.*, CIV.A. 09-11666-DJC, 2011 WL 2847768, at *3 (D. Mass. July 19, 2011)("Schaefer cannot recover under either § 1692f or § 1692e(2) on the basis of the respective

attempts of Northland and ARM to collect on his time-barred debt […as…] a number of courts that have addressed it have held that a debt is not extinguished because the statute of limitations expires; rather, the statute of limitations merely precludes judicial enforcement to collect on the debt.").

As indicated above, Chief District Court Judge K. Michael Moore faced a nearly identical factual claim in *Ehrich*.  In that case, plaintiff alleged defendant violated the FDCPA by sending him a letter "regarding an alleged debt that was several years old." *See, Ehrich,* 2015 WL 6470453 at *1.  Specifically, plaintiff claimed the letter "failed to indicate that the debt was too old to be enforced in court (statute of limitations expired) but nevertheless made an offer to 'settle' the debt on a discounted basis[.]" *Id.*

In ruling on the defendant's motion to dismiss, Chief Judge Moore first stated: "a debt collector is not required to advise a consumer of any potential defenses to legal action." *Id.* The broader implication of this statement by Chief Judge Moore is that, consistent with other case law on the issue, a debt collector is not obligated to provide "legal advice" to a debtor. *See, e.g. Landes v. Cavalry Portfolio Services*, LLC, 774 F. Supp. 2d 800, 806 (E.D. Va. 2011) ("tasking [debt collectors] with interpreting the complex provisions of the federal tax code and then applying its interpretations to the varying circumstances of individual consumers like Landes would constitute the unauthorized—and potentially criminal—practice of law.") It seems clear that had Defendant provided the legal advice Plaintiff claims it was required to give regarding the statute of limitations and the effect of a partial payment on the statute of limitations, Defendant would have been engaged in the unauthorized practice of law. *See, The Florida Bar v. Rapoport*, 845 So. 2d 874, 877 (Fla. 2003)("giving of legal advice" is the practice of law); *see*

*also, The Florida Bar v. Schramek*, 616 So. 2d 979, 984 (Fla. 1993) (non-lawyer who "provides legal advice regarding…the appellate process" engaged in unauthorized practice of law.)

Chief Judge Moore then went on to hold:

> …Ehrich does not allege that he is not obligated to pay the debt or that the debt is otherwise invalid. Instead, he claims only that Convergent's failure to advise him that the debt "was too old to be enforced in court" constituted a "false, misleading, and/or deceptive" debt collection practice in violation of the FDCPA. As discussed above, however, Convergent was under no obligation to advise Ehrich that the debt was time-barred by the applicable statute of limitations. Nor did Convergent threaten legal action in any way, even from the point of view of the least sophisticated consumer. The November 2014 letter from Convergent to Ehrich contained no indication or threat that Convergent would be seeking to enforce the debt in court. No lawsuit is mentioned or threatened—either explicitly or implicitly. Because Convergent did not initiate or threaten legal action in connection with its debt collection efforts, it was entitled to seek voluntary repayment of the time-barred debt. Accordingly, Ehrich fails to state a claim under the FDCPA.

*Ibid.*[1]

In the instant case, as in *Ehrich*, Plaintiff has not alleged that she is not morally obligated to pay the debt or that the debt is otherwise invalid. Instead, Plaintiff, like the plaintiff in *Ehrich*, claims Defendant's failure to give her legal advice, i.e. advise her the debt is time-barred and that a partial payment would renew the statute of limitations, violates §§ 1692e and 1692f. *See*, DE 1 at ¶ 41. However, Defendant was under no obligation to provide legal advice and, in fact, was prohibited by Florida law from providing legal advice to Plaintiff.[2] Accordingly, the "statutory-compliant, nonthreatening written offer to settle" Plaintiff's debt does not violate the FDCPA as

---

[1] United States District Court Judge Robin L. Rosenberg relied on Judge Moore's decision in *Ehrich* in dismissing with prejudice nearly identical FDCPA claims in *Holzman v. Malcolm S. Gerald & Associates, Inc. et al.,* Case Number: 9:16-cv-80643-RLR, DE 34 (S.D. Fla. September 9, 2016).
[2] Ironically, if Defendant had given Plaintiff the legal advice she claims Defendant was required to provide, i.e. partial payment alone after the expiration of the statute of limitations "would revive" a debt, such advice may have been actionable as an inaccurate statement of the law. *See, infra.*

a matter law, as "the FDCPA permits a debt collector to seek voluntary repayment of the time-barred debt so long as the debt collector does not initiate or threaten legal action in connection with its debt collection efforts." *Id.*, 2015 WL 3823654 at *4, 7 (citing *Huertas,* 641 F.3d at 32–33).

The FDCPA requires debt collectors to make certain disclosures,<br>none of which involve the applicable statute of limitations.

As the Eleventh Circuit has recognized, "[a] general guide to statutory construction states 'that the mention of one thing implies the exclusion of another; *expressio unius est exclusio alterius.*'" *U.S. v. Castro*, 837 F.2d 441, 442 (11th Cir. 1988)(citing 73 Am.Jur.2d, *Statutes,* sec. 211, at 405). Here, the statutory scheme at issue mandates that debt collectors make certain disclosures when communicating with debtors in an attempt to collect a debt. *See, e.g.,* 15 U.S.C. § 1692g(a)(requiring specific disclosures within five days following an initial communication from a debt collector in an attempt to collect a debt); 15 U.S.C. § 1692e(11)(requiring debt collectors to advise that all communications in an attempt to collect a debt are from a debt collector and for debt collection purposes). The FDCPA does not, however, contain any requirement that debt collectors inform consumers of the applicable statute of limitations or advise consumers of potential defenses to a legal action to collect upon the debt, when no such legal action has been mentioned or threatened. *See, Ehrich, supra.* As such, there can be no liability under the FDCPA for the failure to disclose information which the FDCPA does not require debt collectors to disclose. *See, e.g., U.S. v. Iwanski*, 805 F. Supp. 2d 1355, 1359 (S.D. Fla. 2011)(Altonaga, J.)(applying the "*expressio unius est exclusio alterius* canon of statutory construction" to the FDCPA); *Muzuco v. Re$ubmitIt, LLC,* 11-62628-CIV, 2012 WL 3242013, at *4 (S.D. Fla. Aug. 7, 2012)(Scola, J.)(same); *Ausar-El ex rel. Small, Jr. v. BAC (Bank of Am.)*

*Home Loans Servicing LP*, 448 Fed. Appx. 1, 2 (11th Cir. 2011)(same); *Warren v. Countrywide Home Loans, Inc.*, 342 Fed. Appx. 458, 460 (11th Cir. 2009)(same).

As Plaintiff does not allege (nor could she allege) that the letter at issue failed to contain all FDCPA-mandated disclosures, Plaintiff's claim must fail as a matter of law. *See, e.g., Aronson v. Com. Fin. Services, Inc.*, CIV.A. 96-2113, 1997 WL 1038818, at *3 (W.D. Pa. Dec. 22, 1997)(finding that letter seeking to collect upon time-barred debt did not violate section 1692e as "the letters properly track the language required by 15 U.S.C. § 1692g"); *Shorty v. Capital One Bank*, 90 F. Supp. 2d 1330, 1332 (D.N.M. 2000)(dismissing plaintiff's claims based upon a collection letter sent on time-barred debt "since the debt validation notice in this case does not threaten a lawsuit or any further collection action, fails to affect any substantive rights the debtor might have, and follows the language of § 1692g"); *Johnson v. Capital One Bank*, CIV. A. SA00CA315EP, 2000 WL 1279661, at *2 (W.D. Tex. May 19, 2000)("Creditors are entitled to attempt to pursue even time-barred debts, so long as they comply with the rules of the FDCPA.")

The FDCPA requires debt collectors make certain disclosures and refrain from engaging in abusive or deceptive practices when communicating with consumers in an attempt to collect a debt. The FDPCA does not prohibit debt collectors from seeking voluntary payment on debts outside of the statute of limitations nor does it require that debt collectors provide consumers with legal advice. In the instant case, Defendant's attempt to collect Plaintiff's debt was permissible, as the letter at issue contained no implicit or explicit threat of litigation. Moreover, Defendant was not required to provide legal advice to Plaintiff and in fact, was prohibited from providing legal advice to Plaintiff. As such, Plaintiff has failed to state a claim upon which relief may be granted and her Complaint must be dismissed.

<u>Partial payment alone would not revive the statute of limitations.</u>

Plaintiff asserts the statute of limitations on her debt had expired when FNCB sent the Collection Letter and then, claims the Collection Letter violated the FDCPA because it did not state "the impact making a payment would have, to wit, that making a payment would revive the Consumer Debt, thus making it legally enforceable." *See,* DE 1 at ¶ 41(c). In support of her position, Plaintiff cites Fla. Stats., § 95.11 and *Jacksonville Am. Pub. Co. v. Jacksonville Paper Co.,* 197 So. 672, 677 (1940). *Ibid.* at ¶ 31. Plaintiff's reliance on § 95.11 and *Jacksonville Am. Pub.* to support her legal position evidences a misunderstanding of Florida law as it relates to the facts of this case.

In her Complaint, Plaintiff claims *Jacksonville Am. Pub. Co.* stands for the proposition that "partial payment made towards a time barred debt '…amounts to a voluntary acknowledgement of the existence of the debt from which the law implies a new promise to pay the balance.'" *Ibid.* To be clear, the quoted statement above appears nowhere in the Court's opinion. Instead, the relevant language from the opinion demonstrates the erroneous nature of Plaintiff's argument.

*Jacksonville Am. Pub. Co.* involved a situation in which a promise to pay was made *prior to* the expiration of the statute of limitations. *Id.* ("The promise to pay was made by defendant prior to expiration of the statute of limitations, and so the original obligation was renewed.") 197 So. at 677. Based on this fact, the Court ruled: "A verbal promise to pay before the expiration of the statute of limitations renews the account and any new period of limitations must be calculated from that date." *Id.*, 197 So. 672, 676. As it applies to the instant case, the Court then went further and specifically stated: "A promise to pay *or a part payment* tolls the running of the statute of limitations, *if made prior to the running of the statute*." *Id.* (emphasis added).

Plaintiff, unlike the debtor in *Jacksonville Am. Pub. Co.*, alleges that the subject debt was already time-barred at the time FNCB sent the Collection Letter. As such, mere partial payment in response to the Collection Letter would be insufficient to *revive* the allegedly time-barred debt. "[A] payment on a debt *barred by the statute of limitations* without an acknowledgement of the balance of the debt as existing and a willingness to pay the debt *will not* take it out of the statute." *Woodham v. Hill*, 83 So. 717, 719 (Fla. 1919) (emphasis added). Florida is one of the jurisdictions that treats an acknowledgement of a time-barred debt as a new promise. However, "[a]n acknowledgment of, or a promise to pay, a debt *barred* by a statute of limitations must be in writing and signed by the person sought to be charged." Fla. Stat. 95.04; *see also Coker v. Phillips*, 89 Fla. 283, 103 So. 612 (1925).

So, neither § 95.11 nor *Jacksonville Am. Pub. Co.* provide legal support for Plaintiff's allegation that "that a partial payment would…revive the statute of limitations." In fact, there is no legal support under Florida law for Plaintiff's legal theory. As such, Plaintiff has failed to state a cause of action under § 1692e(2)(A).

### b) Plaintiff's claim that the Collection Letter violates §1692e(10) by including language mandated by two governmental agencies must be dismissed.

Plaintiff claims the inclusion of the following language in the Collection Letter violates § 1692e(10): "The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it." *See*, DE 1 at ¶ 41(d)(1). In fact, the language in the Collection Letter mirrors language two (2) separate governmental regulatory bodies have mandated be included in letters attempting to collect time-barred debts.

The Federal Trade Commission and Consumer Financial Protection Bureau exercise certain statutory oversight on the financial services industry. As part of their duties, each agency

has the ability to prosecute legal actions against debt collectors and debt buyers. In two (2) separate relevant legal proceedings the FTC and CFBP have set forth the disclosures to be included in letters from debt collectors seeking payment of time-barred debts. Both agencies have not only explicitly endorsed, but have mandated, the inclusion of the language Plaintiff claims violates § 1692e(10).

In 2012, the FTC brought an action against a debt buyer in federal court in the Middle District of Florida. *See, United States v. Asset Acceptance, LLC*, Case No. 12-CV-00182 (M.D. Fla. 2012). The case ultimately resolved and a Consent Decree was entered into by the parties and executed by the Court. Pursuant to the relevant provision of Consent Decree, the defendant debt buyer was required to include the following disclosure in letters seeking to collect time-barred debts: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it." *Id.*, DE 5 (January 31, 2012).[3]

In 2015, the CFPB commenced an administrative action against debt buyer Portfolio Recovery Associates, LLC ("PRA"). *See,* 2015-CFPA-0023 – Consent Order.[4] Ultimately, the parties entered into a settlement that resulted in a Consent Order. In that Order, the CFPB required PRA to include the following language in letters sent to collect time-barred debts: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you." *Ibid.*

The Collection Letter contains nearly identical disclosure language mandated by the FTC and CFPB. Given that fact, it would be odd, indeed, to find the language violates the FDCPA as claimed by Plaintiff.

---

[3] A complete copy of the Consent Decree is attached hereto as Exhibit 1.
[4] A complete copy of the Consent Decree is attached hereto as Exhibit 2.

### c) Plaintiff's claim that the Collection Letter violates §1692e(10) by including language offering a discount must be dismissed.

In the Complaint, Plaintiff alleges the Collection Letter violated § 1692e(10) because it offered to settle the debt for less than the full amount which would lead the least sophisticated consumer to believe that paying reduced amount would have "the same net result as paying the full amount of the Consumer Debt." *See*, DE 1 at ¶ 41(d)(2).  Such a belief would be false, according to Plaintiff, since a debt settled for less than the full amount could be more harmful to the debtor's credit and a debtor could face certain tax consequences if they agree to settle a debt for an amount that is $600.00 less than the debt's original amount. *Ibid.*

Plaintiff's claim fails because "simply offering to discount a debt to encourage the consumer to pay promptly is in no way a deceptive…debt collection practice." *Lewis v. ACB Bus. Servs., Inc*., 135 F.3d 389, 399 (6th Cir.1998). Moreover, there is no legal support that Plaintiff's "examples" of potential consequences of a less-than-full settlement, even if taken as true, form the basis for a § 1692e(10) violation. To be clear, Plaintiff has not alleged that her credit was disproportionately harmed or that she faced tax consequences because of the discounted offer. Rather, Plaintiff is making a hypothetical argument that a consumer *might* face consequences if they accept a discounted settlement offer rather than making full payment of the delinquent debt.

Even if Plaintiff alleged damages due to the less-than-full settlement offer, the FDCPA does not contain any requirement that debt collectors inform consumers of the applicable credit and/or tax consequences. As detailed *supra*, "tasking [debt collectors] with interpreting the complex provisions of the federal tax code and then applying its interpretations to the varying circumstances of individual consumers like Landes would constitute the unauthorized—and

potentially criminal—practice of law." *Landes v. Cavalry Portfolio Services*, LLC, 774 F. Supp. 2d 800, 806 (E.D. Va. 2011). It seems clear that had Defendant provided the tax and/or credit advice that Plaintiff claim was required, Defendant would have been engaged in the unauthorized practice of law. *See, The Florida Bar v. Rapoport*, 845 So. 2d 874, 877 (Fla. 2003)("giving of legal advice" is the practice of law).

As there is no legal support for Plaintiff's allegations that making a less-than-full settlement offer establishes a § 1692e(10) violation, Plaintiff's claim fails to state a cause of action and must be dismissed.

> **d) Plaintiff's theory that 559.715 is a condition precedent to collection activity is contrary to binding precedent and cannot support a § 1692f(1) claim.**

The FDCPA at § 1692(f)(1) prohibits debt collectors from:

> Collect[ing]…any amount (including any interest, fee, charge, or expense incidental to the principle obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

*Id.*

Plaintiff does not allege the agreement between her and the creditor at issue does not permit the collection of the debt at issue or that FNCB included in the debt an amount not permitted by law. Instead, she claims that FNCB violated § 1692f(1) by attempting to collect *any* amount from Plaintiff without first sending a notice of assignment pursuant to Fla. Stats., § 559.715. Specifically, Plaintiff claims that providing "such notice is a condition precedent to the lawful collection of an assigned debt." *See,* DE 1 at ¶ 41(e).

Section 559.715 states:

> Assignment of consumer debts.—This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the debtor written

> notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt. The assignee is a real party in interest and may bring an action to collect a debt that has been assigned to the assignee and is in default.

The theory that § 559.715 creates a condition precedent to debt collection has been considered and rejected by every Florida state intermediate appellate court that has considered it.

In *Brindise v. U.S. Bank Nat. Ass'n,* 183 So. 3d 1215, 1217 (Fla. 2d DCA 2016), *review denied,* SC16-300, 2016 WL 1122325 (Fla. 2016), the debtors were defendants in a mortgage foreclosure action brought by the bank. In defense of the suit, the debtors claimed the bank "failed to give them written notice of assignment as required by section 559.715" and that such notice was a condition precedent to filing the foreclosure action. *Id.* The trial court rejected this defense and the debtors appealed. On appeal, the Second District Court of Appeal affirmed.

In reaching its conclusion, the court reviewed the text of the statutory provision and determined it contained no condition precedent language. Based on other statutes containing condition precedent language, the court concluded:

> The Legislature knows how to create a condition precedent. Because the Legislature declined to be more specific when enacting section 559.715, we will not expand the statute to include language the Legislature did not enact.

*Id.,* 183 So. 3d at 1219.[5]

More recently, the Florida Fourth District Court of Appeal weighed in on the issue in another mortgage foreclosure case and reached the same conclusion. In agreeing with the Second District's opinion in *Brindise*, the Fourth District Court stated:

> we hold that under the facts of this case, the notice requirement of section 559.715 applies to the mortgage foreclosure suit brought by the bank. However, the notice requirement of the statute does not

---

[5] After *Brindise* was issued, the First District Court of Appeal issued a per curiam affirmance, citing to *Brindise. See McCall v. HSBC Bank USA, N.A.,* 186 So.3d 1134 (Fla. 1st DCA 2016).

> operate as a condition precedent to bringing a mortgage
> foreclosure suit.

*Bank of Am., N.A. v. Siefker*, 4D14-1923, 2016 WL 5939738, at *7 (Fla. 4th DCA 2016) (unpublished).

While both *Brindise* and *Siefker* were decided in the context of mortgage foreclosure lawsuits, the rationale espoused by both courts applies equally to non-litigation collection efforts. Specifically, § 559.715 contains no language indicating compliance is a condition precedent to debt collection, period. As such, Plaintiff's § 1692f(1) claims based on FNCB's alleged failure to comply with § 559.715 prior to initiating collection efforts must be dismissed.[6]

> e) **Plaintiff's claims that the mere appearance of a "bar code" through the window in the envelope of the Collection Letter violates the FDCPA and FCCPA fails to state a cause of action and must be dismissed.**

Section 1692f(8) of FDCPA prohibits debt collectors from "[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business." *See,* 15 U.S.C. § 1692f(8). Plaintiff's sole basis for the alleged § 1692f(8) violation is that "the bar code… located on the bottom-left portion of the Collection Letter" was visible "through the transparent window of the envelope." *See,* DE 1 at ¶ 41(b).  However, Plaintiff fails to allege, nor could she allege, that the allegedly visible bar code associated on the Collection Letter revealed Plaintiff's personal information. As a result, the benign language exception precludes Plaintiff from maintaining a cause of action under § 1692f(8).

In order for Plaintiff to maintain a cause of action under § 1692f(8) based on the facts alleged, the Court would have to adopt a hyper-technical interpretation of the statute that would

---

[6] Since the Florida Supreme Court denied review in *Brindise*, this Court is bound by the Second District Court's decision. *See, McMahan v. Toto*, 311 F.3d 1077, 1080 (11th Cir.2002).

lead to the bizarre and impractical consequence of prohibiting the debtor's name, address, or even postage from being on the envelope. No circuit court has adopted such a literal interpretation of the statute. In fact, the Fifth and the Eighth Circuits, the only circuits to interpret § 1692f(8), rejected such a restrictive reading. *See, Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 319 (8th Cir. 2004); *Goswami v. Am. Collections Enter., Inc.*, 377 F.3d 488, 494 (5th Cir. 2004). Instead, the Fifth and Eight Circuits adopted a benign language exception, holding that the statute proscribes only markings that identify the mailing as a debt collection matter or reveal the debtor's financial predicament and personal information. *See Strand*, 380 F.3d at 319; *Goswami*, 377 F.3d at 494. Any other markings are considered benign. *Id.*

In *Goswami*, the collection letter at issue included a "priority letter" marking on the outside of the envelope. *Goswami*, 377 F.3d at 492. The Fifth Circuit found § 1692f(8) to be ambiguous because it could be interpreted strictly to bar almost any markings on the envelope or interpreted to *only* bar markings which are "unfair or unconscionable, such as markings that would signal that it is a debt collection letter and tend to humiliate, threaten, or manipulate debtors." *Id.* at 493. Given the ambiguity, the *Goswami* court looked to the statute's legislative history and observed that "the Senate report on the bill makes clear that § 1692f(8) was intended merely to prevent debt collectors from embarrassing debtors by announcing the delinquency on the outside of a debt collection letter envelope." *Id.* (citing S. Rep. No. 95-382 at 8 (1977), *as reprinted in* 1977 U.S.C.C.A.N. 1695, 1702). The *Goswami* court also looked to the FTC interpretation which exempts "harmless words and symbols" from the ambit of § 1692f(8) and permits language that does not "suggest the purpose of the communication." *Id.* at 494 (citing Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097-02, 50108 (Dec. 13, 1988)). As a result, the *Goswami* court

adopted a benign language exception to § 1692f(8) and found that the FDCPA does not bar innocuous markings.

Similarly in *Strand*, the Eighth Circuit adopted a benign language exception when it considered an alleged § 1692f(8) violation for an envelope which reflected the collection company's initials along with the words "personal and confidential" and "immediate reply requested." *Strand*, 380 F.3d at 317. The *Strand* court determined that "the statute does not proscribe benign language and symbols" because such an interpretation "better effectuates Congressional purpose" since "a strict reading would lead to bizarre and impracticable consequences." *Id.* at 319. The *Strand* court affirmed the district court's dismissal of the § 1692f(8) claim finding "the language and symbols were benign because they did not, individually or collectively, reveal the source or purpose of the enclosed letters." *Id.* The court noted "the envelopes must have appeared indistinguishable from the countless items of so-called junk mail found daily in mailboxes across the land." *Id.*

Plaintiff relies on *Palmer v. Credit Collection Servs.*, 160 F. Supp. 3d 819, 822-23 (E.D. Pa. 2015) to support her contention that any visible barcode is a per se violation of § 1692f(8). In *Palmer*, the court "applied the words of § 1692f(8) as written" and determined that a visible bar code was a violation regardless of "[w]hether it is sound public policy to allow a debtor to obtain damages from a debt collector" based solely on a visible barcode. *Id.* at 823. The *Palmer* court relied upon and expanded the Third Circuit decision in *Douglass v. Convergent Outsourcing*, which held that exposing the debtor's account number through a transparent window in a mailing envelope violates § 1692f(8). *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3d Cir. 2014).

To be clear, the *Douglass* court did not reject the benign language exception applied by the Fifth and Eighth Circuits. Instead, the *Douglass* court distinguished a visible account number

that provided "core information relating to the debt collection" from the innocuous markings in the Fifth and Eighth Circuit cases that "did not intimate the contents of the letters." *Id.* at 305. In fact, a subsequent ruling from the Eastern District of Pennsylvania expressly disagreed with the *Palmer* court's expansive reliance on *Douglass* and, instead, applied a benign language exception to similar facts finding "the [visible] barcode is benign, it does not violate § 1692f(8)." *Anekova v. Van Ru Credit Corp.*, CV 15-4968, 2016 WL 4379296, at *7 (E.D. Pa. 2016). Moreover, many courts have applied the benign language exception even further and, contrary to *Douglass*, construed § 1692f(8) to permit visible account numbers on debt collection envelopes. *See, e.g.*, *Alvarado v. Northland Grp., Inc.*, No. 15-0645, 2015 WL 7567091, at *3 (W.D. Mo. Nov. 19, 2015) (dismissing claim that visible account number violated FDCPA); *Perez v. Glob. Credit and Collection, Corp.*, No. 14-9413, 2015 WL 4557064, at *5 (S.D.N.Y. July 27, 2015) (same); *Gonzalez v. FMS, Inc.*, No. 14 C 9424, 2015 WL 4100292, at *1 (N.D. Ill. July 6, 2015) (same).

Although the Eleventh Circuit has yet to consider whether the benign language exception applies to § 1692f(8), this Court has considered the issue and followed the "host of courts finding that the presence of a barcode… on an envelope do[es] not violate the FDCPA." *Martell v. ARS National Services, Inc.*, 15-22580-CIV-WILLIAMS at 6 (SD Fla. November 4, 2016). In *Martell*, the plaintiff alleged a § 1692f(8) violation based on a barcode visible through the envelope of the defendant's debt collection letter which, if scanned, displayed a number that referenced the plaintiff. This Court granted the defendant's motion for judgment on the pleadings finding that a barcode, even if it contains an account number once scanned, "does nothing to implicate or identify Plaintiff as a debtor for purposes of § 1692f(8)." *Id.* at 9. In so holding, this Court both distinguished and specifically rejected the Third Circuit's *Douglass v. Convergent*

*Outsourcing* decision finding that "[i]t is illogical for the Act to be concerned with the eventuality that an enterprising third party would obtain, investigate, and decipher an account number's meaning when simply googling the return address would show that the recipient received a debt collection letter." *Id.* at 8.

Moreover, when the Eleventh Circuit has been presented with the opportunity to read the FDCPA in the hyper-technical manner proposed by Plaintiff and has refused to do so. *See,* e.g. *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1301 (11th Cir. 2014)(finding no FDCPA violation despite acknowledging the collection letter failed to comply with technical requirements of 1692g). The reasoning of the Fifth and Eighth Circuits to support a benign language exception is persuasive and in conformity with the legislative intent. To apply a literal application of § 1692f(8), as Plaintiff proposes, would preclude affixing the debtor's name, address, or postage to the envelope which would render mail from collection agencies virtually undeliverable. *Strand*, 380 F.3d at 318; *Gardner v. Credit Mgmt. LP*, No. 14-9414, 2015 WL 6442246, at *2 (S.D.N.Y. Oct. 23, 2015) (noting "the absurd result that a statute governing the manner in which the mails may be used for debt collection might in fact preclude the use of the mails altogether"). Congress did not intend such an absurd result.

Likewise, Plaintiff's alleged violation of Fla. Stat. 559.72(9), which is predicated exclusively on the same alleged violation of § 1692f(8) for the mere appearance of a "bar code" through the window in the envelope of the Collection letter, must be dismissed. *See,* DE 1 at ¶ 44(c).

As a result, the allegation of a bar code visible through envelope's address-window violates § 1692f(8) and Fla. Stat. 559.72(9) fail to state a cause of action and must be dismissed.

### f) Plaintiff's claim that FNCB violated § 559.72(9) by failing to send a notice of assignment pursuant to § 559.715 is without any legal support.

In the Complaint, Plaintiff claims that in failing to provide a notice of assignment pursuant to § 559.715, FNCB "knowingly engaged in unlawful collection activity" in violation of § 559.72(9). As an initial matter and as detailed above, there is no legal support for the proposition that FNCB was required to provide notice under § 559.715 prior to engaging in collection activities. On this basis alone, Plaintiff § 559.72(9) claim must be dismissed.

Moreover, every Florida federal court to have ever considered the issue has ruled that a failure to comply with § 559.715 is insufficient in itself to support of claim under § 559.72(9). Most recently, in *Wright v. Dyck-O'Neal, Inc*., 215CV249FTM38MRM, 2015 WL 6560444 (M.D. Fla. 2015), the court observed:

> A debt collector's obligation to provide a notice of assignment is set forth in a separate section, § 559.715, and no analogous requirement is contained in § 559.72. Had the Florida legislature intended to enact a private right of action for violating § 559.715, it could have done so, either by explicitly including language authorizing a private right of action in the statute, or by referencing § 559.715 in § 559.72. Because the legislature chose not to do so, the Court declines Plaintiffs' invitation for it to graft into the FCCPA a remedy for failure to provide a notice of assignment. *See Thomas v. Commercial Recovery Sys., Inc.,* No. 8:07–cv–1104, 2008 WL5246296, at *4 (M.D.Fla. Dec. 16, 2008) (rejecting same argument); *McCorriston v. L.W.T., Inc*., No. 8:07–cv–160, 2007 WL 9357672, at *3 (M.D. Fla. June 14, 2007) (same); *see also Murthy v. N. Sinha Corp*., 644 So.2d 983, 986 (Fla.1994) ("In general, a statute that does not purport to establish civil liability ... will not be construed as establishing a civil liability."). In short, Plaintiffs cannot avoid the statutory scheme by alleging that Defendant['s]…violation of § 559.715 constitutes an unlawful attempt to enforce a debt under § 559.72(9). Adopting Plaintiffs' approach would result in an end-around the Florida legislature's decision to exclude civil liability under § 559.715. Because there is no private cause of action under the FCCPA for failure to serve a notice of assignment, the Court dismisses Count II of the Complaint as against Defendant Consuegra.

*Id.*, 2015 WL 6560444, at *2 (internal citations omitted).

The court's decision in *Wright* is consistent with other Florida federal court decisions determining that a violation of the registration requirement in § 559.553 of the FCCPA will not support a cause of action under § 559.72(9). For example in *Conner v. BCC Fin. Mgmt. Services, Inc.*, plaintiff alleged that defendant's "sending of the collection letter while not in compliance with that statute constituted…the assertion of the existence of a legal right-the right to collect a debt-when [defendant] knew the right did not exist. *Id.*, 489 F. Supp. 2d 1358, 1361 (S.D. Fla. 2007). The court rejected the argument stating:

> Had the legislature intended to include "attempting to collect a consumer debt while in possession of a void registration" as a violation of the FCCPA, it could have included such language in Section 559.72. Because the legislature chose not to do so, the undersigned is not inclined to, nor can she, read such a cause of action into the language of Fla. Stat. § 559.72(9).

*Id.*; *see also Carrero v LVNV Funding, LLC*, 2014 WL 6433214 (S.D. Fla. October 27, 2014); *Garcia v. Law Offices of Joel Cardis, LLC*, Case No. 07–60236–CIV, 2007 WL 2671291, at *2 (S.D.Fla. Sept.7, 2007); *Trent v. Mortgage Elec. Registration Sys., Inc.*, 618 F.Supp.2d 1356, 1364 (M.D.Fla.2007).

Plaintiff's claim that FNCB violated § 559.72(9) by failing to send a notice of assignment pursuant to §559.715 is without any legal support and has consistently been rejected by Florida federal courts that have considered it. Therefore, Plaintiff's § 559.72(9) claim must be dismissed.

**g)** **Plaintiff's claim that the Collection Letter failed to adequately inform Plaintiff of her rights must be dismissed.**

In the Complaint, Plaintiff claims that FNCB failed "to adequately inform Plaintiff of the rights, as well as how to exercise such rights, of which Plaintiff is entitled pursuant to U.S.C. § 1692g(a)." *See,* DE 1 at ¶ 41(a). However, the Complaint fails to identify any specific rights which were not adequately disclosed beyond the general allegation that "merely quoting

statutory language, whether in-full or in-part, does not adequately inform the consumer of the rights he or she is allotted, let along the nuances involved in exercising such rights." *Ibid.*

To be clear, section 1692g(a) of the FDCPA requires a debt collector to send the consumer, within 5 days of initial communication, a written notice containing:

> **(1)** the amount of the debt;
>
> **(2)** the name of the creditor to whom the debt is owed;
>
> **(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> **(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> **(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

§ 1692g(a)(1)-(5).

"Generally, a validation notice will comport with section 1692g if the 'content' of the notice complies with the literal terms of the statute." *Smith v. Fin. Collection Agencies*, 770 F. Supp. 232, 235 (D. Del. 1991); *see also Aronson v. Com. Fin. Services, Inc.*, CIV.A. 96-2113, 1997 WL 1038818, at *3 (W.D. Pa. Dec. 22, 1997)(finding that letter seeking to collect upon time-barred debt did not violate section 1692e as "the letters properly track the language required by 15 U.S.C. § 1692g").

Plaintiff's Complaint fails to identify, nor could it identify, any portion of the collection letter which does not comply with § 1692g(a)(1)-(5) as it mirrors the statutory language

practically verbatim. Specifically, it is undisputed that Defendant's collection letter included the following disclosures:

**(1)** The "Total Due: $3,203.48;"

**(2)** The name of the "Current Creditor: LVNV Funding LLC;"

**(3)** a statement that "[u]nless you notify this office within 30 days after receiving this notice that you dispute this debt or any portion thereof, this office will assume the debt is valid;"

**(4)** a statement that "[i]f you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification;" and

**(5)** A statement that "[i]f you request of this office within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor."

*See,* DE 1-3.

Plaintiff's argument fails to state a cause of action because she attempts to impose a burden on debt collectors which has no legal basis and would render a debt collector's compliance with the statute impossible. Through one side of her mouth Plaintiff argues that, beyond mirroring the required statutory language, it is the debt collector's burden to ensure the consumer "understands his or her rights" and "the nuances involved in exercising such rights." *See,* DE 1 at ¶ 41(a). However, through the other side of her mouth Plaintiff acknowledges that "there is no national consensus as to what § 1692g(a) mandates and/or how the rights contained there are to be exercised by consumers" as the language in § 1692g(a) "is read differently by attorneys, judges, and courts alike." *Ibid.*

Likewise, Plaintiff's alleged § 1692f(1) and Fla. Stat. 559.72(9) violations, which are predicated exclusively on the same alleged failures to comply with § 1692g(a), must be dismissed. *See,* DE 1 at ¶ 41(f) and ¶ 44(b).

Plaintiff's claim that FNCB violated § 1692g(a), as well as § 1692f(1) and Fla. Stat. 559.72(9), by failing to adequately inform Plaintiff of her rights under § 1692g(a) is without any legal support as the subject collection letter mirrors the statutory language. Therefore, Plaintiff's § 1692g(a), § 1692f(1) and Fla. Stat. 559.72(9) claims fail to state a cause of action and must be dismissed.

**IV.    Conclusion.**

WHEREFORE Defendant FIRST NATIONAL COLLECTION BUREAU, INC., respectfully requests an Order from this Honorable Court GRANTING Defendant's Motion for Judgment on the Pleadings, to dismiss Plaintiff's Complaint and enter judgment in favor of Defendant.

Respectfully submitted by:

 /s/ Joseph C. Proulx
JOSEPH C. PROULX, ESQ.
Florida Bar No.: 0056830
DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500
Fax: (813) 251-3675
jproulx@gsgfirm.com
dgolden@gsgfirm.com
Counsel for Defendant

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on February 9, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by

CM/ECF or in some other authorized manner for those counsel or parties who are not authorized

to receive electronically Notices of Electronic Filing.

                /s/ Dale T. Golden
               DALE T. GOLDEN, ESQ.
               Florida Bar No.: 0094080