**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**RUBY VALLE,**

**Plaintiff,**

**v.** **Case No.: 0:16-CV-62751**

**FIRST NATIONAL COLLECTION BUREAU, INC.,**

**Defendant.**
**__________________________________/**

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S NOTICES OF SUPPLEMENTAL AUTHORITY (DE 28 AND DE 35) OR, IN THE ALTERNATIVE, MOTION FOR LEAVE TO RESPOND**

COMES NOW, Defendant FIRST NATIONAL COLLECTION BUREAU, INC. ("FNCB" and/or "Defendant"), by and through its undersigned counsel, pursuant to Southern District of Florida Local Rule 7.1(C), and hereby files this Motion to Strike Plaintiff's Notices of Supplemental Authority (DE 28 and DE 35) or, in the Alternative, Motion for Leave to Respond and states:

**I. Factual Background / Procedural History.**

1. On November 20, 2016, Plaintiff brought this action alleging FNCB violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq*, *See*, DE 1, generally.

2. On February 9, 2017, Defendant filed a Motion for Judgment on the Pleadings. *See*, DE 16.

3. On February 25, 2017, Plaintiff filed a Response in Opposition to Defendant's Motion for Judgment on the Pleadings. *See*, DE 23.

4. On March 17, 2017, Defendant filed a Reply to Plaintiff's Response to Defendant's Motion for Judgment on the Pleadings. *See*, DE 27.

5. On April 10, 2017, Plaintiff filed a five (5) page Notice of Supplemental Authority that included Plaintiff's purported summary of Defendant's arguments in its Motion for Judgment on the Pleadings,[1] attaches two (2) supplemental cases[2], legal argument as to the relevancy of those two (2) cases, and provides an explanation of attached alleged factual evidence in this case obtained by Plaintiff "by the fruits of discovery." *See*, DE 28 at ¶¶ 1-7.

6. On April 17, 2017, Plaintiff filed a four (4) page Notice of Supplemental Authority that provided legal argument related to another supplemental case, *Pantoja v. Portfolio Recovery Assocs., LLC*, 2017 WL 1160902 (7th Cir. Mar. 29, 2017). *See*, DE 35.

## II. Legal Standard.

Southern District of Florida "Local Rule 7.1(c) authorizes only opposing and reply briefs… [and] is clear that 'no further or additional memoranda of law shall be filed without prior leave of Court.'" *Barron v. Snyder's-Lance, Inc.*, 13-62496-CIV, 2014 WL 2686060, at *1 (S.D. Fla. June 13, 2014)(citing Local Rule 7.1(c)). "Notices of supplemental authority, however, do not fall within the purview of [Local Rule 7.1(c)]." *Id.* Instead, the scope and practice of making supplemental filings was summarized by this Court in *Girard v. Aztec RV Resort, Inc.*as follows:

> Turning to the practice of making supplemental filings with this Court, such supplemental filings should direct the Court's attention

[1] Plaintiff's Notice of Supplemental Authority refers to Defendant's Motion for Judgment on the Pleadings as a "Motion to Dismiss" but is referred to herein by its proper name to avoid confusion. *See,* DE 28 at ¶ 3-4.
[2] *Pittman v. First National Collection Bureau*, 1:16-cv-03250-SEB-MJD, (S.D. Ind. Mar. 14, 2017), *report and recommendation adopted* Mar. 31, 2017; *Shields v. J.C. Christensen & Assocs., Inc.*, 2017 WL 1106085 (S.D. Ind. Mar. 24, 2017).

> to legal authority or evidence that was not available to the filing party at the time that that party filed the original brief to which the subsequent supplemental filing pertains. They should further note the argument to which the legal authorities or evidence relate. Beyond that, however, supplemental filings should do nothing more. Put simply, notices of supplemental authority should not make legal argument… Defendants' attempts to describe these notices as "Supplemental Filings" does not change their character… As Defendants filed these "notices" without prior leave of Court, the Court strikes the "notice" portions of the Supplemental Filings.

*Girard v. Aztec RV Resort, Inc.*, 10-62298-CIV, 2011 WL 4345443, at *2 (S.D. Fla. Sept. 16, 2011).

**III. Legal Argument.**

Plaintiff's Notice of Supplemental Authority (DE 28) and Plaintiff's Notice of Supplemental Authority (DE 35) (collectively "Notices") are an attempt to circumvent the Local Rules by filing additional legal argument without leave from this Court. Plaintiff already filed her Response to Defendant's Motion for Judgment on the Pleadings (DE 23) and is not permitted to file "further or additional memorandum of law… without leave of Court." S.D. Fla. L.R. 7.1(c). Although the local practice provides for making supplemental filings of new legal authority with this Court, "supplemental filings should be limited to the piece of evidence or legal authority and a brief statement directing the Court to the legal argument to which the supplemental filing pertains in the previously filed legal memorandum." *Girard v. Aztec RV Resort, Inc.*, 10-62298-CIV, 2011 WL 4345443, at *3 (S.D. Fla. Sept. 16, 2011).

In this case, Plaintiff's Notices (DE 28 and DE 35) include legal argument without providing a procedural avenue for Defendant to have the opportunity to respond. As this Court has advised parties under similar circumstances in the past, "[s]hould the Court desire additional explanation, it will issue an order instructing the parties to brief the matter." *Id.* at 3. No such

order has been issued by the Court in this case. Specifically, the improper arguments within Plaintiff's Notices of Supplemental Authority include but are not limited to the following:

- "FNCB argued Plaintiff's claims to be idiosyncratic and bizarre, and that the attempted disclosure concerning the time-barred nature of the underlying debt had been blessed by the FTC and CFPB, D.E. 16 at 3-7, and that requiring FNCB to disclosure adequately that the underlying debt at issue was time-barred would amount to unauthorized practice of law, D.E. 16 at 10-11." *See*, DE 28 at ¶ 4.

- "In a matter *nearly identical* to that presently before this Court…" *Ibid.* at ¶ 5. (emphasis added)

- "Magistrate Judge Dinsmore, in a *thorough and well-reasoned* opinion, rejected the *same arguments made by the defendant* in this case…" *Ibid.* at ¶ 5.

- "It should be noted that, as in the case at bar, FNCB *was also the defendant in* Pittman." *Ibid.* (emphasis in original).

- "Plaintiff calls this Courts [sic] attention to Shields v. J.C. Christensen & Assocs., Inc., 2017 WL 1106085 (S.D. Ind. Mar. 24, 2017), wherein the court opinion compounds the unlawfulness of FNCB's conduct." *Ibid.* at ¶ 6.

- "In Pantoja, the Seventh Circuit explicitly addressed facts and issues identical to that now before this Court." *See*, DE 35 at ¶ 3.

- "Plaintiff submits to this Court the Seventh Circuit's decision in Pantoja v. Portfolio Recovery Assocs., LLC as further authority for FNCB having violated § 1692e(2)(A) and § 1692e(10) of the FDCPA." *Ibid.* at ¶ 5.

In addition to express legal arguments, Plaintiff's Notices quote specific portions of each of the cases they provide the Court. Of course, Plaintiff's highlighting of specific sections of legal authority is akin to legal argument and is therefore improper by way of a Notice of Supplemental Authority.

## IV. Conclusion

Plaintiff's Notices of Supplemental Authority must be stricken in this matter as they are rife with improper legal argument. *See*, *Barron v. Snyder's-Lance, Inc.*, 13-62496-CIV, 2014 WL 2686060, at *2 (S.D. Fla. June 13, 2014)("Plaintiffs' Notice contains legal argument… [t]his is the precise situation that the Local Rules and the applicable case law authority are trying to prevent... [c]onsequently… this part of the Notice must be stricken.). In the alternative, Defendant requests leave of Court to submit a Response in Opposition to Plaintiff's Notices of Supplemental Authority (DE 28 and DE 35).

WHEREFORE Defendant, FIRST NATIONAL COLLECTION BUREAU, INC., respectfully requests an Order from this Honorable Court STRIKING Plaintiff's Notices of Supplemental Authority or, in the alternative, seeks leave of Court to submit a Response in Opposition to Plaintiff's Notices of Supplemental Authority (DE 28 and DE 35).

Respectfully submitted by:

/s/ Joseph C. Proulx
JOSEPH C. PROULX, ESQ.
Florida Bar No.: 0056830
DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
P: (813) 251-5500; F: (813) 251-3675
jproulx@gsgfirm.com
dgolden@gsgfirm.com
Counsel for Defendant

**LOCAL RULE 7.1(a)(3)CERTIFICATION**

I HEREBY CERTIFY that, pursuant to Local Rule **7.1(a)(3),** the undersigned conferred in good faith with Plaintiff's counsel regarding the relief sought through the instant Motion, and on April 21, 2017, Plaintiff's counsel has indicated that he objects to the relief sought herein.

/s/ Joseph C. Proulx
JOSEPH C. PROULX, ESQ.
Florida Bar No.: 0056830

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 21, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Joseph C. Proulx
JOSEPH C. PROULX, ESQ.
Florida Bar No.: 0056830