United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Ruby Valle, Plaintiff | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 16-62751-Civ-Scola |
| | ) |
| First National Collection Bureau, | ) |
| Inc., Defendant | ) |

### Order on Defendant's Motion for Judgment on the Pleadings

Plaintiff Ruby Valle brings this suit against First National Collection Bureau, Inc. ("FNCB") for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq., ("FCCPA"). This matter is before the Court on the Defendant's Motion for Judgment on the Pleadings (ECF No. 16). For the reasons set forth in this Order, the Court **grants** the Motion for Judgment on the Pleadings (ECF No. 16).

1. **Background**

On October 10, 2016, FNCB sent the Plaintiff a collection letter in an attempt to collect a consumer debt. (Compl. ¶ 26, ECF No. 1.) The Plaintiff alleges that she defaulted on the debt more than five years ago and has made no payment toward the debt since defaulting, and therefore any legal action to collect the debt is time-barred. (*Id.* ¶¶ 30-31.) A copy of the collection letter is attached to the Complaint as Exhibit A. (Compl. Ex. A, ECF No. 1-3) The Plaintiff alleges that the collection letter violated a variety of provisions of the FDCPA, as well as the FCCPA. (Compl. ¶¶ 40-45, ECF No. 1.) The Plaintiff seeks statutory and actual damages, an injunction prohibiting FNCB from engaging in further collection activities directed at the Plaintiff, and costs and reasonable attorneys' fees. (*Id.* at 21-22.)

2. **Legal Standard**

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Cunningham v. Dist. Attorney's Office*, 592 F.3d 1237, 1255 (11th Cir. 2010). A court ruling on a 12(c) motion must "accept all the

facts in the complaint as true and view them in the light most favorable to the nonmoving party." *Id.*

### 3. Analysis

#### A. Alleged Violations of the FDCPA

"In order to prevail on an FDCPA claim, Plaintiff must establish that: (1) he was the object of collection activity arising from consumer debt; (2) Defendant qualifies as a 'debt collector' under the FDCPA; and (3) Defendant engaged in an act or omission prohibited by the FDCPA." *Dunham v. Lombardo, Davis & Goldman*, 830 F.Supp.2d 1305, 1306-07 (S.D. Fla. 2011) (Seitz, J.). Violations of the FDCPA are assessed using the "least sophisticated consumer standard." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193-94 (11th Cir. 2010) (citing *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175-77 (11th Cir. 1985)). This standard "looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's letters." *Id.* "The least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Id.* (internal quotations and citations omitted). The standard has an "objective component" that "prevents liability for bizarre or idiosyncratic interpretations of collection notices." *Id.* (quoting *United States v. Nat'l Fin. Serv.'s, Inc.*, 98 F.3d 131, 136 (4th Cir. 1996)).

The Defendant does not dispute that the Plaintiff was the object of collection activity arising from consumer debt, or that the Defendant qualifies as a debt collector under the FDCPA. The parties' disputes concern whether the Defendant engaged in an act or omission prohibited by the FDCPA. The Court will analyze each provision of the FDCPA that the Defendant is alleged to have violated in turn.

##### *(1) Alleged Violation of 15 U.S.C. § 1692g(a)*

15 U.S.C. § 1692g(a) states that, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication. . .send the consumer a written notice containing –

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

- (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
- (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

The Plaintiff asserts that the collection letter violated § 1692g(a) by failing to adequately inform the Plaintiff of these rights, as well as how to exercise these rights. (Compl. ¶ 41(a), ECF No. 1.)

However, the collection letter includes all of the information required by § 1692g(a), including an almost verbatim recitation of the information required by § 1692g(a)(3)-(5). (Compl. Ex. A, ECF No. 1-3.) The Complaint asserts that merely quoting the statutory language does not adequately inform the consumer of his or her rights, but the Complaint fails to identify specifically how the collection letter fails to adequately inform a consumer of his or her rights. (*See* Compl. ¶ 41(a), ECF No. 1.) The Plaintiff's response to the Motion for Judgment on the Pleadings broadly asserts that the Plaintiff "raises issue with the use of *statutory language*," but again fails to explain how the language in the collection letter failed to comply with § 1692g. (Resp. at 21, ECF No. 23) (emphasis in original).

The Plaintiff cites two cases that also involved alleged violations of § 1692g(a). (Compl. ¶ 41(a), ECF No. 1.) In the first case, the plaintiff alleged that the defendant violated § 1692g(a)(3) by omitting the phrase "by the debt collector" from the statutorily required notice that "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." *DeCapri v. Law Offices of Shaprio Brown & Alt, LLP*, No. 3:14cv201-HEH, 2014 WL 4699591, at *5 (E.D. Va. Sept. 19, 2014). The court denied the defendant's motion to dismiss the alleged violation, holding that omission of the phrase "by the debt collector" or its equivalent was sufficient to state a plausible claim for relief because it was not clear from the collection letter who would assume that the debt was valid. *Id.* at *5-6.

Here, however, the collection letter used the phrase "by this office" instead of the phrase "by the debt collector." (Compl. Ex. A, ECF No. 1-3.) Since the collection letter was signed by FNCB and stated that FNCB had been assigned to collect the debt, the letter was clear that the debt collector, FNCB, was the entity that would assume that the debt was valid. *See Caceres v.*

*McCalla Raymer, LLC*, 755 F.3d 1299, 1303-04 (11th Cir. 2014) (affirming dismissal of the plaintiff's case and holding that substitution of "creditor" for "debt collector" did not violate § 1692g(a)(3) because "the debt collector is obviously the agent of the creditor.").

In the second case cited by the Plaintiff, the District of Oregon found that a collection letter violated § 1692g(a) because it did not state the total amount of the debt and because the defendant merely included a photocopy of § 1692g in the envelope containing the collection letter. *Furth v. United Adjusters, Inc.*, No. 82-1537, 1983 U.S. Dist. LEXIS 20368, *3 (D. Or. Nov. 17, 1983). The court based its holding on an interpretive letter issued by the Federal Trade Commission ("FTC") that stated that it is a violation of the FDCPA "to disclose the information required by 15 U.S.C. § 1692g on a separate piece of paper unless the collection notice alerts the consumer to the existence of the enclosed notice." *Id.* at *4-5. In addition, the court found that the inclusion of a photocopy of § 1692g did not provide the plaintiff with an adequate statement of her rights since neither the notice nor the photocopy clearly identified § 1692g as a list of her rights. *Id.* at *5-6.

Contrary to the facts of that case, the collection letter at issue here included the amount of the debt and set forth the information required by § 1692g in the collection letter itself. (Compl. Ex. A, ECF No. 1-3.) Courts have found that collection letters that track the language required by § 1692g do not violate the FDCPA. *See, e.g., Shorty v. Capital One Bank*, 90 F.Supp.2d 1330, 1332-33 (D.N.M. 2000) (granting the defendant's motion for judgment on the pleadings in part because a debt validation notice "follows the language of § 1692g."); *Aronson v. Commercial Fin. Serv.'s, Inc.*, 1997 WL 1038818, *3 (W.D. Pa. Dec. 22, 1997) (granting summary judgment in favor of the defendant in part because the collection letters "properly track the language required by 15 U.S.C. § 1692g.").

Accordingly, since the collection letter set forth all of the information required to be provided by 15 U.S.C. § 1692g(a), and neither the Complaint nor the Plaintiff's briefing identify any specific information that was missing or misleading, the Court grants the Defendant judgment on the pleadings with respect to the Plaintiff's allegation that the collection letter violated § 1692g(a).

### *(2) Alleged Violation of 15 U.S.C. § 1692f(8)*

15 U.S.C. § 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt," and subsection (8) specifically prohibits the use of "any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails. . .except that a debt collector may use his business name if such name does not indicate that he is in the debt collection

business." The Plaintiff alleges that the collection letter violated this provision because the envelope used to mail the collection letter displayed a bar code through the transparent window of the envelope. (Compl. ¶ 41(b), ECF No. 1.)

The Plaintiff relies on *Palmer v. Credit Collection Serv.'s*, 160 F.Supp.3d 819, 823 (E.D. Pa. 2015), which held that § 1692f(8) "plainly forbids bar codes of any kind." The *Palmer* court relied on the Third Circuit's decision in *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3rd Cir. 2014), which held that the inclusion of an account number on an envelope containing a debt collection letter violated § 1692f(8). *Palmer*, 160 F.3d at 821-23.

However, the Plaintiff fails to mention that a subsequent decision from the same district court disagreed with *Palmer* and decided to follow the Fifth and Eighth Circuits, which have applied a "benign language exception" in holding that the FDCPA "proscribes only markings that identify the mailing as a debt collection matter or reveal the debtor's financial predicament and personal information." *Anenkova v. Van Ru Credit Corp.*, 201 F.Supp.3d 631, 633 (E.D. Pa. 2016) (citing *Strand v. Diversified Collection Serv., Inc.* 380, F.3d 316, 319 (8th Cir. 2004); *Goswami v. Am. Collections Enter., Inc.*, 377 F.3d 488, 494 (5th Cir. 2004)). The court noted that the Fifth Circuit looked to the legislative history of the FDCPA and the FTC's interpretations of it, both of which indicated that the prohibition in § 1692f(8) was meant to be limited to symbols indicating that the contents of the envelope pertain to debt collection. *Id.* (citations omitted). The court noted that the Third Circuit's *Douglass* decision specifically declined to decide whether to adopt the benign language exception, finding instead that the disclosure of a consumer's account number on an envelope was not benign. *Id.*

The Eleventh Circuit has not had occasion to consider whether the benign language exception applies to § 1692f(8). *See Martell v. ARS Nat'l Serv.'s, Inc.*, No. 15-22580, ECF No. 39, at 6 (S.D. Fla. Nov. 4, 2016) (Williams, J.). However, Judge Williams applied the benign language exception in granting a defendant's motion for judgment on the pleadings in an FDCPA case. *Id.* at 6-8. The plaintiff in that case alleged that the appearance of a bar code on the exterior of an envelope violated § 1692f(8) because when scanned, the bar code revealed the consumer's account number. *Id.* at 2. In holding that the bar code did not violate § 1692f(8), Judge Williams specifically rejected the Third Circuit's *Douglass* decision, holding that "an account number embedded in a barcode, as a string of alphanumeric characters, does nothing to implicate or identify Plaintiff as a debtor for purposes of § 1692f(8)." *Id.* at 8-9. Judge Williams noted that the "FTC advised that a debt collector does not violate this section by using an envelope printed with words or notations that does not suggest the purpose of the communication, deeming them harmless words or

symbols." *Id.* at 5 (citing 53 Fed. Reg. 50097, 80108 (Dec. 13, 1998)) (internal quotations omitted).

Here, the Complaint does not even allege that the bar code revealed the Plaintiff's account number when scanned. (*See* Compl. ¶ 41(b), ECF No. 1.) Rather, the Plaintiff asserts that she is not required to plead or prove that the bar code reveals the Plaintiff's personal information in order to establish a violation of § 1692f(8). (Pl.'s Resp. at 18, ECF No. 23.) The Plaintiff cites to *Michael v. HOVG, LLC*, No. 16-62651, 2017 WL 129111, *3-4 (S.D. Fla. Jan. 10, 2017) (Bloom, J.), which denied the defendant's motion to dismiss the plaintiff's claim that a "Quick Response code" displayed on an envelope violated § 1692f(8). In denying the motion to dismiss, Judge Bloom cited to the *Palmer* decision and noted that the case at hand did not involve a motion for judgment on the pleadings, and that neither party had provided the court with judicially noticeable information to establish what the code, if scanned, might show. *Id.*

The Court finds Judge Williams's reasoning, as well as the reasoning of the Fifth and Eighth Circuits, persuasive. The bar code displayed through the window of the envelope does not implicate or identify the Plaintiff as a debtor in any way, nor has the Plaintiff alleged that the bar code identified her as a debtor. (Compl. Ex. A, ECF No. 1-3.) In light of the legislative history indicating that § 1692f(8) was intended to be limited to symbols indicating that the contents of the envelope pertain to debt collection, *see Anenkova*, 201 F.Supp.3d at 633; *Martell*, No. 15-22580 at 5, the Court does not find that the mere visibility of a bar code on an envelope containing a collection letter violates § 1692f(8). Accordingly, the Court grants the Defendant judgment on the pleadings with respect to the Plaintiff's allegations that the Defendant violated 15 U.S.C. § 1692f(8).

### *(3) Alleged Violation of 15 U.S.C. § 1692e(2)(A)*

Section 1692e(2)(A) prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including the false representation of "the character, amount, or legal status of any debt." The Plaintiff alleges that the collection letter violated this prohibition because it failed to sufficiently inform the Plaintiff that the debt was "*absolutely* time-barred," and failed to "adequately disclose the impact making a payment would have, to wit, that making a payment would revive the Consumer Debt, thus making it legally enforceable." (Compl. ¶ 41(c), ECF No. 1.) (emphasis in original).

The collection letter stated, in relevant part:

> The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency.

> In many circumstances, you can renew the debt and start the time period for the filing of a lawsuit against you if you take specific actions such as making certain payment on the debt or making a written promise to pay. You should determine the effect of any actions you take with respect to this debt.

(Compl. Ex. A, ECF No. 1-3.)

The Plaintiff cites to three cases in support of her allegation. (Compl. ¶ 41(c), ECF No. 1.) However, the collection letters at issue in each of the three cases made no reference whatsoever to the age of the debt or the possible effect of making a payment on the statute of limitations. *See Palmer v. Dynamic Recovery Sol.'s, LLC*, No. 6:15-cv-59-Orl-40KRS, 2016 WL 2348704, *4 (M.D. Fla. May 4, 2016) (noting that the plaintiff had a strong likelihood of proving a violation of the FDCPA because the collection letter failed to disclose that the debt was time barred and offered to settle the debt, which gave the false impression that the debt collector could sue to enforce the debt); *Daugherty v. Convergent Outsourcing, Inc., et. al.*, 836 F.3d 507, 513 (5th Cir. 2016) (holding that "a collection letter seeking payment on a time-barred debt (without disclosing its unenforceability) but offering a 'settlement' and inviting partial payment (without disclosing the possible pitfalls) could constitute a violation of the FDCPA"); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014) (holding that "if the debt collector uses language in its dunning letter that would mislead an unsophisticated consumer into believing that the debt is legally enforceable. . .the collector has violated the FDCPA.")

This case is starkly different from the cases cited by the Plaintiff because the collection letter specifically stated that FNCB would not sue the Plaintiff *because of* the age of the debt. The collection letter also specifically disclosed that payment of the debt or a promise to pay the debt could re-start the statute of limitations. Even from the perspective of the least sophisticated consumer, the Defendant did not misrepresent the legal status of the debt. *See Ehrich v. Convergent Outsourcing, Inc.*, No. 15-22796, 2015 WL 6470453, *4 (S.D. Fla. Oct. 28, 2015) (Moore, J.) (holding that since the Defendant neither initiated nor threatened legal action in its collection efforts, the Defendant did not engage in unlawful debt collection by seeking the voluntary settlement of a time-barred debt). Therefore, the Court grants the Defendant judgment on the pleadings with respect to the Plaintiff's allegation that the letter violated 15 U.S.C. § 1692e(2)(A).

### (4) Alleged Violations of 15 U.S.C. § 1692e(10)

15 U.S.C. § 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain

information concerning a consumer." The Plaintiff alleges that the Defendant's use of the language "will not sue you" was misleading because it implied that the Defendant chose not to sue the Plaintiff when, in reality, the Defendant could not sue the Plaintiff as a matter of law because of the age of the debt. (Compl. ¶ 41(d)(1), ECF No. 1.) The Plaintiff alleges that the language would cause the least sophisticated consumer to believe that the Defendant had the option to change its mind if the Plaintiff did not pay. (*Id.*)

The Court disagrees. The phrase with which the Plaintiff takes issue must be read in the proper context. The relevant paragraph states in full: "The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency." Thus, the Defendant informed the Plaintiff that there are legal limits to how long she could be sued for the debt, and then stated that "Because of the age of your debt," she would not be sued. Read in the context of the entire paragraph, the phrase "will not sue you" is not false or deceptive, even from the perspective of the least sophisticated consumer.

The Defendant argues that this claim must be dismissed because the exact language with which the Plaintiff takes issue was mandated to be included in collection letters by two consent decrees, one of which was between the FTC and a debt collector and one of which was between the Consumer Financial Protection Bureau ("CFPB") and a debt collector. (Mot. at 10-11, ECF No. 16.) Both consent decrees mandate that the debt collectors in those matters include the following language in collection letters for debts that are time-barred: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it." (Mot. Ex. 1 at 12-13, ECF No. 16-1; Mot. Ex. 2 at 8-9, ECF No. 16-3.)

The Plaintiff notes that a court may consider documents attached to a motion for judgment on the pleadings without converting it into a motion for summary judgment if the documents are (1) central to the plaintiff's claim; and (2) the authenticity of the documents are not challenged. (Resp. at 7, ECF No. 23.) The Plaintiff argues that the consent decrees referenced by the Defendant are not central to her claims. (*Id.* at 7-8.) However, the Defendant is not relying on the consent decrees as documentary evidence. Rather, the Defendant is arguing that the consent decrees are persuasive authority that the language in the collection letter did not violate the FDCPA. (*See* Mot. at 10-11, ECF No. 16.)

The consent decrees are not binding in this case because neither the Plaintiff nor the Defendant were a party to those cases. The question is whether the fact that the FTC and CFPB mandated the use of the language utilized by the Defendant in those consent decrees is of any persuasive value to this Court. An agency's informal interpretation of a statute, such as opinion letters,

policy statements, agency manuals, and enforcement guidelines, are not entitled to deference. *Christensen v. Harris Cnty.*, 529 U.S. 576, 587 (2000) (citations omitted). However, such interpretations are entitled to respect "to the extent that those interpretations have the power to persuade." *Id.* (internal quotations and citations omitted). The consent decrees do not explain why the CFPB and the FTC chose the specific language that is mandated to be used by the decrees. (*See* Mot. Ex. 1, ECF No. 16-1; Mot. Ex. 2, ECF No. 16-3.) However, the Court does find that the fact that the two agencies charged with enforcing the FDCPA mandated the language used by the Defendant serves to reinforce its finding that the language does not constitute a false representation or a deceptive means of collecting the debt.

The Plaintiff also alleges that the collection letter violated § 1692e(10) because the "Defendant wrongfully portrays the current creditor's willingness to settle the Consumer Debt for less than the full amount as having the same net result as paying the full amount of the Consumer debt." (Compl. ¶ 41(d)(2), ECF No. 1.) The Plaintiff alleges that this is a false representation because debts that are settled for less than the full amount are reported to credit bureaus differently and have different tax consequences than paying the full amount of a debt. (*Id.*)

The basis for this allegation is unclear. The collection letter extends a "discounted offer" pursuant to which the Plaintiff could make six payments amounting to 20% of the total outstanding debt. (Compl. Ex. A, ECF No. 1-3.) Prior to describing the discounted offer, the letter states "You should determine the effect of any actions you take with respect to this debt." (*Id.*) The letter makes no representation that acceptance of the discounted offer would have the "same net result as paying the full amount of the debt," nor has the Plaintiff pointed to any statutory requirement or case law requiring that a debt collector disclose the tax or credit consequences of settling a debt for less than the full amount. The mere fact that the letter describes the offer being extended by the Defendant does not constitute a false representation or a deceptive means of collecting the debt.

Accordingly, the Court grants the Defendant judgment on the pleadings with respect to the Plaintiff's allegations that the collection letter violated 15 U.S.C. § 1692e(10).

### *(5) Alleged Violations of 15 U.S.C. § 1692f(1)*

15 U.S.C. § 1692f(1) prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt," including "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the

agreement creating the debt or permitted by law." The Complaint cites to Florida Statute § 559.715, which states:

> This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt. The assignee is a real party in interest and may bring an action to collect a debt that has been assigned to the assignee and is in default.

There is no private right of action to enforce a violation of § 559.715. *See* Fla. Stat. § 559.77. However, the Complaint asserts that § 559.715 creates a condition precedent to the lawful collection of an assigned debt. (Compl. ¶ 41(e), ECF No. 1.) Since the Plaintiff alleges that she did not receive notice of the assignment thirty days before receiving the collection letter, the Plaintiff alleges that the Defendant had no lawful authority to collect the debt and thus violated § 1692f(1). (*Id.*)

In response, the Defendant points to two state court cases that have held that § 559.715 does not create a condition precedent to the filing of a foreclosure lawsuit. *Brindise v. U.S. Bank Nat'l Ass'n*, 183 So.3d 1215, 1219 (Fla. 2d. Dist. Ct. App. 2016) (noting that "Section 559.715 has no language making written notice of assignment a condition precedent to suit."), *cert. denied*; *Bank of America, N.A. v. Siefker*, 201 So.3d 811, 817 ("The plain language [of § 559.715] does not impose a bar on filing suit if notice is not provided consistent with the statute. . .") (Fla. 4th Dist. Ct. App. 2016). Florida's Second Circuit Court of Appeal explained that "The Legislature knows how to create a condition precedent. Because the Legislature declined to be more specific when enacting section 559.715, we will not expand the statute to include language the Legislature did not enact." *Brindise*, 183 So.3d at 1219. The court also recognized that, in light of the administrative enforcement mechanisms set forth in the FCCPA, such as disciplinary actions and cease and desist orders, "making section 559.715 a condition precedent is not necessary to the primary purpose of the FCCPA." *Id.* at 1220. Although the two cases concerned the filing of a mortgage foreclosure lawsuit, the statutory provision broadly applies to "any action to collect the debt" and there is no reason that the rationale employed by the courts should be limited to the initiation of a lawsuit to foreclose on a mortgage.

The Plaintiff cites to *Schmidt v. Synergentic Commc'ns, Inc.*, in which the Middle District of Florida held that a plaintiff's allegation that a defendant violated § 559.715 could constitute a violation of the FDCPA. No. 14-cv-539-FtM-29CM, 2015 WL 248635, *3-4 (M.D. Fla. Jan. 20, 2015) (citations

omitted). However, the Court notes that this decision pre-dates the state court decisions holding that the § 559.715 does not create a condition precedent.

The Plaintiff also cites to *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010). In *LeBlanc*, the Eleventh Circuit held that Florida Statute § 559.553, which requires consumer collection agencies to register with the state and also does not create a private right of action, could nevertheless constitute a violation of the FDCPA. *Id.* at 1190-92. The Eleventh Circuit looked to the stated goal of the FCCPA, which is "to provide the consumer with the most protection possible under either the state or federal statute," and to the fact that the "Florida legislature contemplated dual enforcement – that an 'out-of-state debt collector' could quite possibly be subject to the sanctions and enforcement provisions of both of the various states or the FDCPA." *Id.* at 1192. The Eleventh Circuit also attributed "significant weight to Florida's chosen means of enforcement," because the Florida legislature determined that a debt collector's failure to register and "subsequent pursuit of unauthorized debt collection activity is a misdemeanor criminal act." *Id.*

However, the Eleventh Circuit limited its holding, explaining that,

> The FDCPA was designed to provide basic, overarching rules for debt collection activities; it was not meant to convert every violation of a state debt collection law into a federal violation. Only those collection activities that use any false, deceptive, or misleading representation or means, including the threat to take any action that cannot legally be taken under state law, will also constitute FDCPA violations.

*Id.* (quoting *Carlson v. First Revenue Assurance*, 359 F.3d 1015, 1018 (8th Cir. 2004) (internal quotations omitted).

The only similarity the Court observes between the provision of the FCCPA at issue in *LeBlanc* and § 559.715 is that there is no private right of action to enforce either provision. There is no provision contemplating dual enforcement for violations of § 559.715 as there is for the provision at issue in *LeBlanc*. *See* Fla. Stat. Ch. 559. In addition, the Florida legislature has not designated violations of § 559.715 as criminal in nature. *Id.*

The Court gives great weight to the two recent Florida state court decisions holding that § 559.715 does not create a condition precedent to taking an action to collect on a debt. *Brindise*, 183 So.2d at 1221; *Siefker*, 201 So.3d at 818. The Plaintiff does not substantively address these decisions, dismissing them as "non-binding." (Resp. at 17, ECF No. 23.) However, the interpretation of a Florida statute is a question of state law, and the Eleventh Circuit has noted that "absent a decision from the state supreme court on an issue of state law, we are bound to follow decisions of the state's intermediate appellate courts unless there is some persuasive indication that the highest

court of the state would decide the issue differently." *McMahan v. Toto*, 311 F.3d 1077, 1080 (11th Cir. 2002), *abrogated on other grounds, Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254 (11th Cir. 2011).

Section 559.715 specifically states that "The assignee is a real party in interest and may bring an action to collect a debt that has been assigned to the assignee and is in default." If failure to provide 30 days' notice of an assignment as required by § 559.715 does not impede an assignee's right to collect a debt, then there is no violation of the FDCPA's prohibition on "[t]he collection of any amount. . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

The Plaintiff also alleges that the Defendant violated § 1692f(1) because the collection letter did not comply with § 1692g(a). (Compl. ¶ 41(f), ECF No. 1.) However, as explained above, the collection letter did comply with § 1692g(a).

Therefore, the Court grants the Defendant judgment on the pleadings with respect to the Plaintiff's allegations that the collection letter violated 15 U.S.C. § 1692f(1).

**B. Allegations That the Collection Letter Violated the FCCPA.**

Count Two of the Complaint alleges that the Defendant violated Florida Statute § 559.72(9), which prohibits a debt collector from claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist. (Compl. ¶ 44(a), ECF No. 1.) First, the Plaintiff alleges that FNCB violated this provision by attempting to collect the debt before giving the Plaintiff thirty days' notice of the assignment of the debt as required by § 559.715. (*Id.*) However, as the Plaintiff acknowledged in her response to the Motion for Judgment on the Pleadings, the FCCPA does not create a private right of action to enforce § 559.715. *See Wright v. Dyck-O'Neal, Inc.*, No. 15-cv-249-FtM-38MRM, 2015 WL 6560444, *2 (M.D. Fla. Oct. 27, 2015) (dismissing alleged violation of the FCCPA for failure to serve a notice of assignment pursuant to Florida Statute § 559.715 because the Florida legislature did not authorize a private right of action to enforce § 559.715).

Second, the Plaintiff alleges that the Defendant violated § 559.72(9) because the collection letter did not comply with 15 U.S.C. § 1692g(a). (Compl. ¶ 44(b), ECF No. 1.) Finally, the Plaintiff alleges that the Defendant violated § 559.72(9) because the Defendant unlawfully displayed a bar code on the envelope used to mail the collection letter in violation of 15 U.S.C. § 1692f(8). (*Id.* ¶ 44(c)However, as explained above, the collection letter did comply with § 1692g(a) and the visibility of the bar code did not violate § 1692f(8).

Therefore, the Court grants the Defendant judgment on the pleadings with respect to Count Two of the Complaint.

**4. Conclusion**

Accordingly, for the reasons set forth above, the Court **grants** the Defendant's Motion for Judgment on the Pleadings (**ECF No. 16**). The Court directs the Clerk to **close** this case. Any pending motions are **denied** as moot.

**Done and ordered** in chambers, at Miami, Florida, on May 15, 2017.

_____
Robert N. Scola, Jr.
United States District Judge